## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RANDY BURKHARDT,<br><br>     *Plaintiff*,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation with its principal place of business located in Georgia, RYOBI ELECTRIC TOOL INC., a non-entity product line improperly named as a party, and TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation with its principal place of business located in South Carolina,<br><br>     *Defendants*. | Civil Action No. 25–cv– |

### JOINT NOTICE OF REMOVAL

   Defendants Home Depot U.S.A., Inc. (erroneously sued in the state court action as "Home Depot Inc.") and Techtronic Industries North America, Inc, both erroneously sued in the state court action as "Ryobi Electric Tool Inc.," (referred to collectively herein as "the Removing Defendants") give notice of the removal of this action under 28 U.S.C. §§ 1332, 1441, and 1446. To the extent necessary for this Joint Notice of Removal, the Removing Defendants are the legal successors to the non-entity named as "Ryobi Electric Tool Inc." This Court has subject matter jurisdiction, and the case is removable because there is complete diversity between Plaintiff Randy Burkhardt, Defendant Home Depot U.S.A., Inc., and Defendant Techtronic Industries North America, Inc. and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

   As a short and plain statement of the grounds for removal, Defendants Home Depot U.S.A., Inc. and Defendant Techtronic Industries North America, Inc. state the following:

1.      This is a personal injury action arising from Plaintiff Randy Burkhardt's alleged use of a model RTSO8T table saw.  Plaintiff alleges he sustained serious "diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind" while using the table saw to cut laminate flooring, but his Complaint does not claim an amount certain of damages.  *See*, *e.g.*, Exhibit 1 at Count I ¶¶ 3, 6 (Complaint at Law).

2.      On August 20, 2024, Plaintiff filed a Complaint at Law against Defendants Home Depot U.S.A., Inc. (erroneously sued as "Home Depot Inc.") and Techtronic Industries North America, Inc., both of which were also erroneously sued as "Ryobi Electric Tool Inc.," the name of a product line produced by Techtronic and offered for sale at Home Depot stores.  That Complaint was filed in the Circuit Court of Cook County, Illinois, County Department, Law Division as case number 2024L009207.  A copy of the Complaint is attached as Exhibit 1.  As of the time of the filing of this Notice of Removal, the Removing Defendants have both been served with the Complaint and process, have answered the Complaint, and have filed appearances through undersigned counsel.  Defendant-in-error "Ryobi Electric Tool Inc." has not been served with the Complaint or any other process, pleadings, or orders; it has not filed an answer or appeared. Plaintiff was granted leave and filed an Amended Complaint correcting the spelling of Plaintiff's name throughout the initially filed Complaint (from Buckhardt to Burkhardt).  A copy of the Amended Complaint is attached as Exhibit 2.

3.      The Circuit Court of Cook County entered an initial case management order, under which Defendant Home Depot U.S.A., Inc. served written requests for admission of fact to Plaintiff Randy Burkhardt through his counsel.  In sworn response to those requests for admission, Plaintiff Randy Burkhardt denied that his damages sought through his Complaint were

"equal to or do not exceed the sum of $75,000.00, inclusive of damages, costs, attorneys' fees, and the fair market value of any other relief." Indeed, he admitted that his damages exceed the sum of $75,000, exclusive of interest and costs. Those requests for admission and responses thereto are attached as <u>Exhibits 4 and 5</u>.

     4.     Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached to the Notice of Removal:

          <u>Exhibit 1</u>: Plaintiff's Complaint at Law

          <u>Exhibit 2</u>: Plaintiff's Amended Complaint at Law

          <u>Exhibit 3</u>: A copy of the docket sheet in the state court action

## I. Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.

     5.     This case is properly removed to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

### A. The amount in controversy exceeds $75,000.00.

     6.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), the Removing Defendants assert that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Removing Defendants make this assertion in good faith based on Plaintiff's alleged injuries. *See Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'") (citing *Blomberg, infra*); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.")

7.    Plaintiff alleges serious injuries and economic losses stemming from the Removing Defendants' alleged breaches, though his Complaint does not state and amount certain in damages. *See*, *e.g.*, Exhibits 1, 2 at Count I ¶ 6, Count II ¶ 10, Count III ¶ 8.[1]  He appears to contend that he suffered (1) past and future pain and suffering, mental anguish, and emotional distress, (2) past and future medical expenses incurred in "large sums," (3) loss of income, and (4) loss of enjoyment of life and impairment of quality of life.  *See*, *e.g.*, *id.*

8.    The Removing Defendants have discovered through initial requests for admission that Plaintiff's claimed damages exceed $75,000.00, exclusive of interest and costs, as Plaintiff has denied that the damages in controversy are "equal to or do not exceed the sum of $75,000.00, inclusive of damages, costs, attorneys' fees, and the fair market value of any other relief." Exhibit 4 at No. 2 (Requests for Admission (Dec. 13, 2024)); Exhibit 5 at No. 2 (Response to Requests for Admission (Dec. 26, 2024)).

9.    While Plaintiff's claimed damages admittedly exceed $75,000.00, exclusive of interest and costs, the Removing Defendants do not concede that Plaintiff is entitled to any damages at all.  *See Roppo*, 869 F.3d at 579 ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.").

10.    Given Plaintiff's allegations—if true—an award of more than $75,000.00, exclusive of interest and costs, "is not legally impossible."  *Knopick v. Jayco, Inc.*, 895 F.3d 525. 529 (7th Cir. 2018) (citing *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)) ("[A]mount in controversy satisfies the jurisdictional requirement so long as it is not legally

---

[1]  The allegations in Plaintiff's Complaint at Law and Amended Complaint at Law, Exhibits 1 and 2, are not continuously numbered, but the damages allegations therein can be found in paragraphs 6, 10, or 8 of each claim for negligence, breach of implied warranty, and products liability, respectively.

impossible for the claimant to recover that amount in damages on the claim."). It is therefore determinable from Plaintiff's response to Requests for Admission that more than $75,000.000, exclusive of interest and costs, is in controversy here.

**B.     There is complete diversity of citizenship between the parties.**

11.     Under 28 U.S.C. § 1332(a)(1), there is complete diversity of "citizens of different States" in this case.

12.     For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

13.     Plaintiff Randy Burkhardt is a citizen of Wisconsin.

14.     Defendant Home Depot U.S.A., Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its corporate headquarters and principal place of business located in Atlanta, Georgia.

15.     Defendant Techtronic Industries North America, Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its corporate headquarters and principal place of business located in Anderson, South Carolina.

16.     Ryobi Electric Tool Inc. does not exist; it was never a business entity incorporated under the laws of any state and never had any continuing operations or corporate existence of any form in any location. "Ryobi Electric Tool" may be considered a product line; "RYOBI" is a trademark under which products are manufactured by an affiliate of Techtronic Industries and sold at Home Depot stores. Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc. are the proper names and legal successors of the Ryobi product line, and both properly named defendants may act for the fictitious party "Ryobi Electric Tool Inc." To the extent

it is deemed necessary by the Court, Ryobi Electric Tool Inc. joins this Notice of Removal through the Removing Defendants.

17.     Thus, complete diversity exists between the parties.

## II.     The Removing Defendants have satisfied the procedural requirements for removal.

### A.     Removal is timely.

18.     Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a" "paper from which it may first be ascertained that the case is one which is or has become removable."

19.     The Removing Defendants were served with a copy of Plaintiff's Responses to Home Depot U.S.A., Inc.'s Requests for Admission on December 26, 2024, which admitted that Plaintiff contends his damages exceed the sum of $75,000, exclusive of interest and costs. *See* Exhibits 4 and 5.

20.     The filing of this Notice of Removal on January 21, 2025 is within thirty days of December 26, 2024.  Therefore, this Notice of Removal is timely.

### B.     The Northern District of Illinois is the proper district to which this case may be removed.

21.     The United States District Court for the Northern District of Illinois embraces Cook County, the county in which Plaintiff filed his state court action.  This action is therefore properly removed to the Northern District of Illinois under 28 U.S.C. §§ 93(a) and 1441(a).

### C.     All other procedural requirements have been met.

22.     In compliance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file written notice of this removal and a copy of the Notice of Removal with Clerk of the Circuit Court of Cook County.  The Removing Defendants will also serve written notice of filing of this Notice of Removal on counsel for Plaintiff.

23.     By filing this notice of removal, the Removing Defendants do not waive any rights, privileges, or defenses and do not concede that this is an appropriate or convenient forum to resolve these claims.

**WHEREFORE,** Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc. respectfully remove this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing case number 2024L009207 to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

Dated:  January 21, 2025                    /s/  *Blake Kolesa*

Jeffrey Williams  (Bar No. 84156)
**RILEY SAFER HOLMES & CANCILA LLP**
456 Montgomery Street, 16th Floor
San Francisco, California  94101
Tel:   (415) 275-8550
Fax:   (415) 275-8551
jwilliams@rshc-law.com

Blake Kolesa  (Bar No. 6339230)
**RILEY SAFER HOLMES & CANCILA LLP**
1 South Dearborn Street, Suite 2200
Chicago, Illinois  60603
Tel:   (312) 471-8700
Fax:   (312) 471-8700
bkolesa@rshc-law.com

*Counsel for Defendants Home Depot U.S.A., Inc.
and Techtronic Industries North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 21, 2025, I caused a copy of the foregoing **Joint Notice of Removal** to be filed electronically using the Court's CM/ECF System and served a copy of the foregoing by electronic mail and First-Class U.S. Mail to counsel of record:

 /s/  Blake Kolesa

*Counsel for Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc.*

Adriel E. Zupances
Law Offices of Daniel E. Goodman, LLC
10400 W. Higgins St., Suite 500
Rosemont, IL 60018
(847) 292-6000
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com

*Counsel for Plaintiff*