# EXHIBIT 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

.AEZ/ara
STATE OF ILLINOIS)
          ) SS
COUNTY OF COOK )

FILED
8/20/2024 9:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L009207
Calendar, D
29015559

ATTORNEY NO. 96415

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

RANDY BUCKHARDT,          )
                          )
        Plaintiff,       )
                          )
vs.                       )     2024L009207
                          )
HOME DEPOT INC., RYOBI ELECTRIC)
TOOL INC., and TECHTRONIC    )
INDUSTRIES NORTH AMERICA,    )
                          )
        Defendants.     )

## COMPLAINT AT LAW

    NOW COMES the Plaintiff, RANDY BUCKHARDT, by and through his attorneys, the

LAW OFFICE OF DANIEL E GOODMAN, LLC, who complains of the Defendants, HOME

DEPOT INC., RYOBI ELECTRIC TOOL INC., and TECHTRONIC INDUSTRIES NORTH

AMERICA, as follows:

### COUNT I – Negligence
### Randy Buckhardt v. Home Depot

    1.    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC. was a

corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

    2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a

Ryobi RTSO8T table saw from the Defendant, HOME DEPOT INC.

    3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the

aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or

foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

    4.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

    5.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

    a)    Carelessly and negligently assembled the Riyobi RTSO8T table saw;
    b)    Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;
    c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;
    d)    Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;
    e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;
    f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;
    g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;
    h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or
    i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

    6.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment,

FILED DATE: 8/20/2024 9:53 AM    2024L009207

thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

<div align="center">

**COUNT II- Breach of Implied Warranty**
**Randy Buckhardt v. Home Depot**

</div>

1       On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      The Defendant, HOME DEPOT INC., are merchants with respect to goods of the kind like the Riyobi RTSO8T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.      At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of

FILED DATE: 8/20/2024 9:53 AM   2024L009207

the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1)     Unless excluded or modified..., a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)     Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, HOME DEPOT INC., breached its implied warranted of merchantability in one or more of the following ways:

a.   The Riyobi RTSO8T table saw was not safe for its intended use;
b.   The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or
c.   The Riyobi RTSO8T table saw did not conform to the statements made on the labels.

8.     On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered

diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT III- Products Liability
### Randy Buckhardt v. Home Depot

1.    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTS08T table saw from the Defendant, HOME DEPOT INC.

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

5.    On and prior to June 16, 2018, and at all times relevant herein the Defendant, HOME DEPOT INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.    At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that it could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, HOME DEPOT INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

## COUNT IV – Negligence
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.    On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.    At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.    At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

    a)    Carelessly and negligently assembled the Riyobi RTSO8T table saw;

    b)    Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;

    c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;

    d)    Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

    e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

    f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

FILED DATE: 8/20/2024 9:53 AM  2024L009207

g) Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h) Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i) Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT V- Breach of Implied Warranty
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1 On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTS08T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     The Defendant, RYOBI ELECTRIC TOOLS INC., are merchants with respect to goods of the kind like the Riyobi RTS08T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.     At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

(1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)     Goods to be merchantable must be at least such as;

(c) are fit for the ordinary purpose for which such goods are used...

5/2-315  Implied Warranty; Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, RYOBI ELECTRIC TOOLS INC., breached its implied warranted of merchantability in one or more of the following ways:

FILED DATE: 8/20/2024 9:53 AM    2024L008207

FILED DATE: 8/20/2024 9:53 AM   2024L009207

a. The Riyobi RTSO8T table saw was not safe for its intended use;

b. The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or

c. The Riyobi RTSO8T table saw did not conform to the statements made on the labels.

8.    On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.    At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT VI- Products Liability
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1.    On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.      At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.      At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT VII – Negligence
### Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.    On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA.

3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM 2024L009207

4.   At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.   At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)   Carelessly and negligently assembled the Riyobi RTSO8T table saw;

b)   Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;

c)   Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;

d)   Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)   Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)   Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)   Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)   Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)   Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.   That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time

FILED DATE: 3/20/2024 9:53 AM 2024L009207

from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

**COUNT VIII- Breach of Implied Warranty**
**Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA**

1 On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM   2024.009207

5.      The Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, are merchants with respect to goods of the kind like the Riyobi RTSO8T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.      At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

    (1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

    (2)     Goods to be merchantable must be as least such as;

        (c) are fit for the ordinary purpose for which such goods are used....

5/2-315  Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.      At the time and place aforesaid the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its implied warranted of merchantability in one or more of the following ways:

        a.  The Riyobi RTSO8T table saw was not safe for its intended use;
        b.  The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or
        c.  The Riyobi RTSO8T table saw did not conform to the statements made on the labels.

8.      On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA,

FILED DATE: 8/20/2024 9:53 AM   2024L008207

certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT IX- Products Liability
### Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.     On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.    On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned

FILED DATE: 8/20/2024 9:53 AM    2024L009207

FILED DATE: 8/20/2024 9:53 AM    2024L009207

consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT X – Negligence
### Randy Buckhardt v. Home Depot

1.    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC.

3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

4.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)    Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

b)    Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

d)    Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment,

thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XI- Breach of Implied Warranty
### Randy Buckhardt v. Home Depot

1       On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      The Defendant, HOME DEPOT INC., are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.      At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of

FILED DATE: 8/20/2024 9:53 AM    2024L009207

FILED DATE: 8/20/2024 9:53 AM    2024L009207

the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

      (1)    Unless excluded, or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

      (2)    Goods to be merchantable must be as least such as;

               (c) are fit for the ordinary purpose for which such goods are used....

5/2-315  Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

    7.    At the time and place aforesaid the Defendant, HOME DEPOT INC., breached its implied warranted of merchantability in one or more of the following ways:

      d.    The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;
      e.    The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or
      f.    The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

    8.    On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

    9.    At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

    10.    That as a direct and proximate result of one or more of the foregoing acts and/or

omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

<u>COUNT XII- Products Liability</u>
<u>Randy Buckhardt v. Home Depot</u>

1.      On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC.

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5. On and prior to June 16, 2018, and at all times relevant herein the Defendant, HOME DEPOT INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6. At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that it could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, HOME DEPOT INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7. At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## COUNT XIII – Negligence
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.      On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.      At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.      At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

   a)      Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

   b)      Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

   c)      Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

   d)      Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public, including the Plaintiff, RANDY BUCKHARDT, would not be injured;

   e)      Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

FILED DATE: 8/20/2024 9:53 AM    2024L009207

f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT XIV- Breach of Implied Warranty
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1    On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC

FILED DATE: 8/20/2024 9:53 AM  2024L009207

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      The Defendant, RYOBI ELECTRIC TOOLS INC., are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.      At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)     Goods to be merchantable must be as least such as;

        (c) are fit for the ordinary purpose for which such goods are used...

5/2-315  Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.      At the time and place aforesaid the Defendant, RYOBI ELECTRIC TOOLS INC.,

breached its implied warranted of merchantability in one or more of the following ways:

    d.   The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;

    e.   The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or

    f.   The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

8.      On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.      At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages,

FILED DATE: 8/20/2024 9:53 AM  2024L009207

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## COUNT XV- Products Liability
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.     On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.     Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

7.      At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.      That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVI – Negligence
### Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.      On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.    At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.    At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)    Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

b)    Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

d)    Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

6.      That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVII-Breach of Implied Warranty
## Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1      On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

4. On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5. The Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6. At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

(1) Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2) Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty; Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7. At the time and place aforesaid the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its implied warranted of merchantability in one or more of the following ways:

d. The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;

FILED DATE: 8/20/2024 9:53 AM    2024L009207

    e. The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or

    f. The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

8.    On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.    At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVIII- Products Liability

**Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA**

1.      On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.      At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was

FILED DATE: 8/20/2024 9:53 AM   2024L009207

known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

Respectfully submitted,

By:     _____

Adriel E. Zupances
Attorney for the Plaintiff,

Adriel E. Zupances
Law Office of Daniel E Goodman, LLC

FILED DATE: 8/20/2024 9:53 AM    2024L009207

Attorneys for Plaintiff
10400 W. Higgins Road, Suite 500
Rosemont, IL  60018
847-292-6000
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

AEZ/ara
STATE OF ILLINOIS )
                   ) SS
COUNTY OF COOK )

FILED
8/20/2024 9:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L009207
Calendar, D
29015559

ATTORNEY NO. 96761

FILED DATE: 8/20/2024 9:53 AM  2024L009207

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

RANDY BUCKHARDT,                    )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )          2024L009207
                                    )
HOME DEPOT INC., RYOBI ELECTRIC     )
TOOL INC., and TECHTRONIC           )
INDUSTRIES NORTH AMERICA,           )
                                    )
            Defendants.             )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RANDY BUCKHARDT, by and through his attorneys, the

LAW OFFICE OF DANIEL E GOODMAN, LLC, who complains of the Defendants, HOME

DEPOT INC., RYOBI ELECTRIC TOOL INC., and TECHTRONIC INDUSTRIES NORTH

AMERICA, as follows:

### COUNT I – Negligence
### Randy Buckhardt v. Home Depot

1.      On and prior to December 13, 2022, the Defendant, HOME DEPOT INC. was a

corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a

Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC.

3.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the

aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or

foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)    Carelessly and negligently assembled the Riyobi RTSO8T table saw;

b)    Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;

c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;

d)    Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment,

FILED DATE: 8/20/2024 9:53 AM 2024L009207

thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT II- Breach of Implied Warranty
### Randy Buckhardt v. Home Depot

1      On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.      The Defendant, HOME DEPOT INC., are merchants with respect to goods of the kind like the Riyobi RTSO8T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.      At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of

FILED DATE: 8/20/2024 9:53 AM  2024L009207

the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1)     Unless excluded or modified.., a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)     Goods to be merchantable must be as least such as;

        (c) are fit for the ordinary purpose for which such goods are used....

5/2-315  Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, HOME DEPOT INC., breached its implied warranted of merchantability in one or more of the following ways:

        a.  The Riyobi RTSO8T table saw was not safe for its intended use;
        b.  The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or
        c.  The Riyobi RTSO8T table saw did not conform to the statements made on the labels.

8.     On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered.

FILED DATE: 3/20/2024 9:53 AM    2024L000207

diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT III- Products Liability
### Randy Buckhardt v. Home Depot

1.    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, HOME DEPOT INC..

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 3/20/2024 9:53 AM 2024L009207

5. On and prior to June 16, 2018, and at all times relevant herein the Defendant, HOME DEPOT INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce; which injured the Plaintiff, RANDY BUCKHARDT.

6. At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that it could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, HOME DEPOT INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7. At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages;

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## COUNT IV – Negligence
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.      On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.      At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.      At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

   a)     Carelessly and negligently assembled the Riyobi RTSO8T table saw;
   b)     Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;
   c)     Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;
   d)     Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;
   e)     Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;
   f)     Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

FILED DATE: 8/20/2024 9:53 AM    2024L009207

g)   Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)   Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)   Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.   That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT V- Breach of Implied Warranty
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1    On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.   Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     The Defendant, RYOBI ELECTRIC TOOLS INC., are merchants with respect to goods of the kind like the Riyobi RTSO8T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.     At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

(1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)     Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty; Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, RYOBI ELECTRIC TOOLS INC., breached its implied warranted of merchantability in one or more of the following ways:

a. The Riyobi RTSO8T table saw was not safe for its intended use;
b. The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or
c. The Riyobi RTSO8T table saw did not conform to the statements made on the labels.

8.  On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.  At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.  That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT VI- Products Liability
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1.  On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

FILED DATE: 8/20/2024 9:53 AM    2024L009207

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.    On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

<u>COUNT VII – Negligence</u>
<u>Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA</u>

1.    On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA.

3.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

4.  At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.  At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)  Carelessly and negligently assembled the Riyobi RTSO8T table saw;

b)  Carelessly and negligently sold the defective Riyobi RTSO8T table saw to the Plaintiff, RANDY BUCKHARDT;

c)  Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Riyobi RTSO8T table saw;

d)  Carelessly and negligently failed to remove the defective Riyobi RTSO8T table saw from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)  Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)  Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)  Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)  Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)  Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.  That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time

FILED DATE: 8/20/2024 9:53 AM    2024L009207

from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT VIII- Breach of Implied Warranty
## Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1       On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTS08T table saw from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.      On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.      On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

5.    The Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, are merchants with respect to goods of the kind like the Riyobi RTSO8T table saw purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.    At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1)    Unless excluded or modified… a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)    Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used….

5/2-315 Implied Warranty; Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.    At the time and place aforesaid the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its implied warranted of merchantability in one or more of the following ways:

a.    The Riyobi RTSO8T table saw was not safe for its intended use;
b.    The Riyobi RTSO8T table saw was not adequately packaged and labeled; and/or
c.    The Riyobi RTSO8T table saw did not conform to the statements made on the labels,

8.    On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA,

certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT IX- Products Liability
### Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.     On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Riyobi RTSO8T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.    On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Riyobi RTSO8T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned

consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature; which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT X – Negligence
### Randy Buckhardt v. Home Depot

1. On and prior to December 13, 2022, the Defendant, HOME DEPOT INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC.

3. On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

FILED DATE: 8/20/2024 9:53 AM   2024L009207

4.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.    At the time and place aforesaid, the Defendant, HOME DEPOT INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)    Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

b)    Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

c)    Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

d)    Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)    Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)    Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)    Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)    Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)    Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment,

FILED DATE: 8/20/2024 9:53 AM    2024L009207

thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

<div align="center">

**COUNT XI- Breach of Implied Warranty**
**Randy Buckhardt v. Home Depot**

</div>

1    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor; pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.    The Defendant, HOME DEPOT INC., are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.    At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of

FILED DATE: 8/20/2024 9:53 AM    2024L009207

the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

    (1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

    (2)     Goods to be merchantable must be as least such as;.

         (c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, HOME DEPOT INC., breached its implied warranted of merchantability in one or more of the following ways:

    d.  The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;
    e.  The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or
    f.  The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

8.     On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or

FILED DATE: 8/20/2024 9:53 AM 2024L009207

omissions of the Defendant, HOME DEPOT INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT XII- Products Liability
### Randy Buckhardt v. Home Depot

1.    On and prior to December 13, 2022, the Defendant, HOME DEPOT INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, HOME DEPOT INC.

3.    On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.    On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     On and prior to June 16, 2018, and at all times relevant herein the Defendant, HOME DEPOT INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that it could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, HOME DEPOT INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## COUNT XIII – Negligence
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.     On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC. was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.     Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4.     At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5.     At the time and place aforesaid, the Defendant, RYOBI ELECTRIC TOOLS INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

a)     Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

b)     Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

c)     Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

d)     Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

e)     Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

f)       Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g)      Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h)      Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i)       Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6.      That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT XIV- Breach of Implied Warranty
### Randy Buckhardt v. Ryobi Electric Tools Inc.

1      On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.      Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC

FILED DATE: 8/20/2024 9:53 AM    2024L009207

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     The Defendant, RYOBI ELECTRIC TOOLS INC., are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.     At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

    (1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

    (2)     Goods to be merchantable must be as least such as;

        (c) are fit for the ordinary purpose for which such goods are used...,

5/2-315 Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, RYOBI ELECTRIC TOOLS INC.,

breached its implied warranted of merchantability in one or more of the following ways:

     d. The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;

     e. The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or

     f. The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

8.     On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC., certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC., the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature; which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## COUNT XV- Products Liability
## Randy Buckhardt v. Ryobi Electric Tools Inc.

1.     On and prior to December 13, 2022, the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.     Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC.

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVI – Negligence
### Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.    On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.    Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

3. On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

4. At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, had a duty to exercise ordinary care in the assembling and/or selling of its products.

5. At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

    a) Carelessly and negligently assembled the Ryobi RTS08T 8-1/4 In. table saw blade;

    b) Carelessly and negligently sold the defective Ryobi RTS08T 8-1/4 In. table saw blade to the Plaintiff, RANDY BUCKHARDT;

    c) Carelessly and negligently failed to warn the Plaintiff, RANDY BUCKHARDT, of the defective Ryobi RTS08T 8-1/4 In. table saw blade;

    d) Carelessly and negligently failed to remove the defective Ryobi RTS08T 8-1/4 In. table saw blade from the shelves so the public including the Plaintiff, RANDY BUCKHARDT, would not be injured;

    e) Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BUCKHARDT;

    f) Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

    g) Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

    h) Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

    i) Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

FILED DATE: 8/20/2024 9:53 AM 2024L009207

6.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVII- Breach of Implied Warranty
## Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1     On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.     Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, RYOBI ELECTRIC TOOLS INC

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

FILED DATE: 8/20/2024 9:53 AM   2024L009207

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     The Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, are merchants with respect to goods of the kind like the Ryobi RTS08T 8-1/4 In. table saw blade purchased by the Plaintiff, RANDY BUCKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.     At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty; merchantability; usage of trade.

> (1)     Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind.  Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;
>
> (2)     Goods to be merchantable must be as least such as;
>
>         (c) are fit for the ordinary purpose for which such goods are used.....

5/2-315  Implied Warranty; Fitness for Particular Purposes.  Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.     At the time and place aforesaid the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, breached its implied warranted of merchantability in one or more of the following ways:

> d.  The Ryobi RTS08T 8-1/4 In. table saw blade was not safe for its intended use;

FILED DATE: 8/20/2024 9:53 AM    2024L009207

     e.   The Ryobi RTS08T 8-1/4 In. table saw blade was not adequately packaged and labeled; and/or

     f.   The Ryobi RTS08T 8-1/4 In. table saw blade did not conform to the statements made on the labels.

8.     On December 13, 2022, when the Plaintiff, RANDY BUCKHARDT, purchased the Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, certain warranties were made to the Plaintiff, RANDY BUCKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.     At the time of the purchase, RANDY BUCKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BUCKHARDT also relied on those warranties at the time of use.

10.     That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT XVIII- Products Liability

FILED DATE: 8/20/2024 9:53 AM    2024L009207

## Randy Buckhardt v. TECHTRONIC INDUSTRIES NORTH AMERICA

1.     On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2.     Prior to December 13, 2022, the Plaintiff, RANDY BUCKHARDT, purchased a Ryobi RTS08T 8-1/4 In. table saw blade from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA

3.     On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BUCKHARDT.

4.     On December 13, 2022, the Plaintiff, RANDY BUCKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BUCKHARDT, to sustain serious injuries.

5.     On and prior to June 16, 2018, and at all times relevant herein the Defendant, RYOBI ELECTRIC TOOLS INC, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BUCKHARDT.

6.     At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was

FILED DATE: 8/20/2024 9:53 AM   2024L009207

known, or should have been known to the Defendant, RYOBI ELECTRIC TOOLS INC at the time of and prior to the Plaintiff, RANDY BUCKHARDT's injury.

7.    At all times relevant hereto the Ryobi RTS08T 8-1/4 In. table saw blade was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BUCKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8.    That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI ELECTRIC TOOLS INC, the Plaintiff, RANDY BUCKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BUCKHARDT, prays for entry of a judgment against the Defendant, RYOBI ELECTRIC TOOLS INC, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

Respectfully submitted,

By: _____

_____
Adriel E. Zupances
Attorney for the Plaintiff,

Adriel E. Zupances
Law Office of Daniel E Goodman, LLC

FILED DATE: 8/20/2024 9:53 AM    2024L009207

Attorneys for Plaintiff
10400 W. Higgins Road, Suite 500
Rosemont, IL 60018
847-292-6000
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

AEZ/ara

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

FILED
8/20/2024 9:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L009207
Calendar, D
29015559

ATTORNEY NO. 46715

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

RANDY BUCKHARDT,                         )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )        Case No.  2024L009207
                                         )
HOME DEPOT INC., RYOBI ELECTRIC          )
TOOL INC., and TECHTRONIC                )
INDUSTRIES NORTH AMERICA,                )
                                         )
          Defendants.                    )

## SUPREME COURT RULE 222(b) AFFIDAVIT

Pursuant to the provisions and penalties of 735 ILCS 5/1-109, the undersigned attorney certifies, after being duly sworn on oath, that the total amount of money damages sought for the Plaintiff in this matter exceeds $50,000.00.

ADRIEL E. ZUPANCES

Attorney No. 46715
Law Office of Daniel E Goodman, LLC
10400 W. Higgins Road, Suite 500
Rosemont, IL 60018
P: 847/292-6000 | F: 847/292-0390
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com