# EXHIBIT 2

AEZ/ara
STATE OF ILLINOIS )
                 ) SS
COUNTY OF COOK )

ATTORNEY NO. 46713

FILED
1/3/2025 12:23 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L009207
Calendar, D
30816163

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| RANDY BURKHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2024 L 009207 |
| ) | |
| HOME DEPOT U.S.A., INC., RYOBI ) | |
| LIMITED, and TECHTRONIC ) | |
| INDUSTRIES NORTH AMERICA INC., ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, RANDY BURKHARDT, by and through his attorneys, the LAW OFFICE OF DANIEL E. GOODMAN, L.L.C., who complains of the Defendants, HOME DEPOT U.S.A., INC., RYOBI LIMITED, and TECHTRONIC INDUSTRIES NORTH AMERICA INC., as follows:

### COUNT I – Negligence
### RANDY BURKHARDT v. HOME DEPOT U.S.A., INC.

1. On and prior to December 13, 2022, the Defendant, HOME DEPOT U.S.A., INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a Riyobi RTS08T table saw (with attached blade) from the Defendant, HOME DEPOT U.S.A., INC.

3. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or

foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

4. At the time and place aforesaid, the Defendant, HOME DEPOT U.S.A., INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5. At the time and place aforesaid, the Defendant, HOME DEPOT U.S.A., INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

   a) Carelessly and negligently assembled the Riyobi RTS08T table saw;
   b) Carelessly and negligently sold the defective Riyobi RTS08T table saw to the Plaintiff, RANDY BURKHARDT;
   c) Carelessly and negligently failed to warn the Plaintiff, RANDY BURKHARDT, of the defective Riyobi RTS08T table saw;
   d) Carelessly and negligently failed to remove the defective Riyobi RTS08T table saw from the shelves so the public including the Plaintiff, RANDY BURKHARDT, would not be injured;
   e) Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BURKHARDT;
   f) Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;
   g) Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;
   h) Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or
   i) Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT U.S.A., INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to

be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT U.S.A., INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT II- Breach of Implied Warranty
## RANDY BURKHARDT v. HOME DEPOT U.S.A., INC.

1 On and prior to December 13, 2022, the Defendant, HOME DEPOT U.S.A., INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a Riyobi RTS08T table saw (with attached blade) from the Defendant, HOME DEPOT U.S.A., INC.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT U.S.A., INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. The Defendant, HOME DEPOT U.S.A., INC., are merchants with respect to goods of the kind like the Riyobi RTS08T table saw purchased by the Plaintiff, RANDY BURKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6.    At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1)    Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2)    Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7.    At the time and place aforesaid the Defendant, HOME DEPOT U.S.A., INC., breached its implied warranted of merchantability in one or more of the following ways:

a. The Riyobi RTS08T table saw was not safe for its intended use;
b. The Riyobi RTS08T table saw was not adequately packaged and labeled; and/or
c. The Riyobi RTS08T table saw did not conform to the statements made on the labels.

8.    On December 13, 2022, when the Plaintiff, RANDY BURKHARDT, purchased the Riyobi RTS08T table saw from the Defendant, HOME DEPOT U.S.A., INC., certain warranties were made to the Plaintiff, RANDY BURKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9.    At the time of the purchase, RANDY BURKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BURKHARDT also relied on those warranties at the time of use.

10.    That as a direct and proximate result of one or more of the foregoing acts and/or

omissions of the Defendant, HOME DEPOT U.S.A., INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT U.S.A., INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT III- Products Liability
## RANDY BURKHARDT V. HOME DEPOT U.S.A., INC

1. On and prior to December 13, 2022, the Defendant, HOME DEPOT U.S.A., INC., was a corporation and doing transactional business at 2927 Market Pl, Onalaska, WI 54650.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a Riyobi RTS08T table saw (with attached blade) from the Defendant, HOME DEPOT U.S.A., INC.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT U.S.A., INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. On and prior to December 13, 2022, and at all times relevant herein the Defendant, HOME DEPOT U.S.A., INC., was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BURKHARDT.

6. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that it could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, HOME DEPOT U.S.A., INC., at the time of and prior to the Plaintiff, RANDY BURKHARDT's injury.

7. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BURKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, HOME DEPOT U.S.A., INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, HOME DEPOT U.S.A., INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT IV – Negligence
## RANDY BURKHARDT V. RYOBI LIMTED

1. On and prior to December 13, 2022, the Defendant, RYOBI LIMITED, was a corporation engaged in designing, manufacturing, and supplying various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650. The saw was designed, manufactured, and supplied by RYOBI LIMITED.

3. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

4. At the time and place aforesaid, the Defendant, RYOBI LIMITED, had a duty to exercise ordinary care in the assembling and/or selling of its products.

5. At the time and place aforesaid, the Defendant, RYOBI LIMITED, breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

   a) Carelessly and negligently assembled the Riyobi RTS08T table saw;
   b) Carelessly and negligently sold the defective Riyobi RTS08T table saw to the Plaintiff, RANDY BURKHARDT;
   c) Carelessly and negligently failed to warn the Plaintiff, RANDY BURKHARDT, of the defective Riyobi RTS08T table saw;

FILED DATE: 1/3/2025 12:23 PM 2024L009207

d) Carelessly and negligently failed to remove the defective Riyobi RTS08T table saw from the shelves so the public including the Plaintiff, RANDY BURKHARDT, would not be injured;

e) Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BURKHARDT;

f) Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g) Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h) Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i) Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI LIMITED, the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, RYOBI LIMITED, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT V- Breach of Implied Warranty
### RANDY BURKHARDT V. RYOBI LIMITED

1. On and prior to December 13, 2022, the Defendant, RYOBI LIMITED, was a corporation engaged in designing, manufacturing, and supplying various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI LIMITED, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. The Defendant, RYOBI LIMITED, are merchants with respect to goods of the kind like the Riyobi RTS08T table saw purchased by the Plaintiff, RANDY BURKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6. At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

(1) Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

(2) Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

5/2-315 Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

7. At the time and place aforesaid the Defendant, RYOBI LIMITED, breached its implied warranted of merchantability in one or more of the following ways:

   a. The Riyobi RTS08T table saw was not safe for its intended use;
   b. The Riyobi RTS08T table saw was not adequately packaged and labeled; and/or
   c. The Riyobi RTS08T table saw did not conform to the statements made on the labels.

8. On December 13, 2022, when the Plaintiff, RANDY BURKHARDT, purchased the Riyobi RTS08T table saw from the Defendant, RYOBI LIMITED, certain warranties were made to the Plaintiff, RANDY BURKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

9. At the time of the purchase, RANDY BURKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BURKHARDT also relied on those warranties at the time of use.

10. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI LIMITED, the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, RYOBI LIMITED, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT VI- Products Liability
### RANDY BURKHARDT V. RYOBI LIMITED

1. On and prior to December 13, 2022, the Defendant, RYOBI LIMITED, was a corporation engaged in designing, manufacturing, and supplying various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI LIMITED, was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI LIMITED, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BURKHARDT.

6. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, RYOBI LIMITED at the time of and prior to the Plaintiff, RANDY BURKHARDT's injury.

7. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BURKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, RYOBI LIMITED, the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, RYOBI LIMITED, in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT VII – Negligence
### RANDY BURKHARDT v. TECHTRONIC INDUSTRIES NORTH AMERICA INC.

1. On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., was a corporation engaged in designing, manufacturing, and supplying various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650. The saw was designed, manufactured, and supplied by TECHTRONIC INDUSTRIES NORTH AMERICA INC.

3. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

4. At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., had a duty to exercise ordinary care in the assembling and/or selling of its products.

5. At the time and place aforesaid, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., breached its aforementioned duty when they carelessly and negligently did the foregoing acts and/or omissions:

    a) Carelessly and negligently assembled the Riyobi RTS08T table saw;
    b) Carelessly and negligently sold the defective Riyobi RTS08T table saw to the Plaintiff, RANDY BURKHARDT;
    c) Carelessly and negligently failed to warn the Plaintiff, RANDY BURKHARDT, of the defective Riyobi RTS08T table saw;
    d) Carelessly and negligently failed to remove the defective Riyobi RTS08T table saw from the shelves so the public including the Plaintiff, RANDY BURKHARDT, would not be injured;

e) Carelessly and negligently designed, assembled, manufactured, supplied and sold a defective and/or unreasonably unsafe saw to the Plaintiff, RANDY BURKHARDT;

f) Failure to incorporate on the aforementioned saw with proper and adequate safety features for its intended and/or foreseeable uses;

g) Failure to properly or adequately incorporate proper or adequate safety devices and features on the aforementioned saw to prevent it from shattering during its foreseeable uses;

h) Failure to properly or adequately assess the dangers and/or hazards associated with the aforementioned saw; and/or

i) Failure to properly or adequately provide proper or adequate safety features for the aforementioned saw.

6. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

### COUNT VIII- Breach of Implied Warranty
### RANDY BURKHARDT v. TECHTRONIC INDUSTRIES NORTH AMERICA INC.

1. On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., was a corporation engaged in designing, manufacturing, and supplying

various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. The Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., are merchants with respect to goods of the kind like the Riyobi RTS08T table saw purchased by the Plaintiff, RANDY BURKHARDT, and they impliedly warranted that the aforementioned saw were merchantable.

6. At all times relevant, Sections 810 ILCS 5/2-314 (1), 5/2-314 (2) (c) and 5/2-315 of the Illinois Compiled Statutes which provided in relevant part:

5/2-314 Implied warranty: merchantability; usage of trade.

   (1)   Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contact for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to the consumer either on the premises or elsewhere is a sale;

  (2)  Goods to be merchantable must be as least such as;

    (c) are fit for the ordinary purpose for which such goods are used....

5/2-315. Implied Warranty: Fitness for Particular Purposes. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

  7. At the time and place aforesaid the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., breached its implied warranted of merchantability in one or more of the following ways:

   a. The Riyobi RTS08T table saw was not safe for its intended use;
   b. The Riyobi RTS08T table saw was not adequately packaged and labeled; and/or
   c. The Riyobi RTS08T table saw did not conform to the statements made on the labels.

  8. On December 13, 2022, when the Plaintiff, RANDY BURKHARDT, purchased the Riyobi RTS08T table saw from the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., certain warranties were made to the Plaintiff, RANDY BURKHARDT under the common law of Illinois and under the aforementioned statutes, that the product was merchantable and fit for human use.

  9. At the time of the purchase, RANDY BURKHARDT relied upon the aforementioned warranties and made the purchase of the product in reliance on those warranties, and the Plaintiff, RANDY BURKHARDT also relied on those warranties at the time of use.

  10. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was

FILED DATE: 1/3/2025 12:23 PM 2024L009207

caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

## COUNT IX- Products Liability
## RANDY BURKHARDT v. TECHTRONIC INDUSTRIES NORTH AMERICA INC.

1. On and prior to December 13, 2022, the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., was a corporation engaged in designing, manufacturing, and supplying various products, including the RTS08T table saw, for distribution to retailers including HOME DEPOT U.S.A., INC.

2. Prior to December 13, 2022, the Plaintiff, RANDY BURKHARDT, purchased a RYOBI RTS08T table saw (with attached blade) at a HOME DEPOT U.S.A., INC. store located at 2927 Market Pl, Onalaska, WI 54650.

3. On and prior to December 13, 2022, and at all times relevant herein the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., was a corporation which designed, manufactured, assembled, and/or sold the aforementioned saw which injured the Plaintiff, RANDY BURKHARDT.

4. On December 13, 2022, the Plaintiff, RANDY BURKHARDT, was using the aforementioned table saw to cut a piece of laminate floor, pursuant to its intended and/or foreseeable

use, when the blade shattered, causing the Plaintiff, RANDY BURKHARDT, to sustain serious injuries.

5. On and prior to December 13, 2022, and at all times relevant herein the Defendant, RYOBI LIMITED, was a corporation which designed, manufactured, assembled, sold, and/or placed the aforementioned saw in the stream of commerce, which injured the Plaintiff, RANDY BURKHARDT.

6. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and unreasonably dangerous in its design, was unstable that could and did cause the blade to shatter, and that such defective design is not open and obvious to the consumer, but was known, or should have been known to the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC. at the time of and prior to the Plaintiff, RANDY BURKHARDT's injury.

7. At all times relevant hereto the Riyobi RTS08T table saw was in a defective condition and was unreasonably dangerous in that it did not include any warnings or instructions that warned consumers, including and in particular the Plaintiff, RANDY BURKHARDT that the design of the saw could cause it to shatter unexpectedly and could cause the consumer injury.

8. That as a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., the Plaintiff, RANDY BURKHARDT, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of these injuries; and was caused to and did lose considerable time from his employment, thereby incurring losses of large sums of money; and has

been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RANDY BURKHARDT, prays for entry of a judgment against the Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA INC., in an amount greater than Fifty Thousand Dollars ($50,000.00), as will fairly and adequately compensate him for his injuries and damages.

Respectfully submitted,

By: _____

Adriel E. Zupances
Attorney for the Plaintiff,

Adriel E. Zupances
Law Office of Daniel E Goodman, LLC
Attorneys for Plaintiff
10400 W. Higgins Road, Suite 500
Rosemont, IL 60018
847-292-6000
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com

FILED DATE: 1/3/2025 12:23 PM 2024L009207