# EXHIBIT 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RANDY BURKHARDT, <br><br>        *Plaintiff*, <br><br> v. <br><br> HOME DEPOT INC., RYOBI ELECTRIC TOOL INC., and TECHTRONIC INDUSTRIES NORTH AMERICA, <br><br>        *Defendants*. | Case No. 2024 L 9207 <br><br> Calendar D <br><br> Judge Eileen M. O'Connor |

### DEFENDANT HOME DEPOT U.S.A., INC.'S FIRST SET OF REQUESTS FOR ADMISSION OF FACT TO PLAINTIFF RANDY BURKHARDT

Defendant Home Depot U.S.A., Inc.,[1] pursuant to Rule 216 of the Illinois Supreme Court Rules, requests that Plaintiff Randy Burkhardt furnish written admissions under oath to the following Requests for Admission of Fact within twenty-eight days. Home Depot's Requests are subject to the Definitions and Instructions set forth below.

**WARNING: If you fail to serve the response required by Rule 216 within 28 days after you are served with this document, all the facts set forth in the requests will be deemed true and all the documents described in the requests will be deemed genuine.**

### INSTRUCTIONS

1. Pursuant to Rule 216(c), each of the following Requests are deemed admitted unless, within twenty-eight days of their service, You serve on counsel for Home Depot as identified below a sworn statement including for each Request (i) an admission, (ii) a specific denial, or (iii) a detailed statement of the reasons why You cannot truthfully admit or deny the

---

[1] Defendant Home Depot U.S.A., Inc. has erroneously been sued here as "Home Depot Inc." and, along and collectively with Defendant Techtronic Industries North America, Inc., has also erroneously been sued here as "Ryobi Electric Tool Inc."

Request based on knowledge in Your possession, custody, or control, in the possession, custody, or control of Your representatives, agents, or attorneys, or obtained after reasonably inquiry and investigation.

2. If you object to or refuse to respond to any Request on the ground that the response reflects or would reveal the substance of a confidential or privileged communication, identify:

    a. the nature of the privilege claimed;

    b. the person who made the communication;

    c. whether the communication was made orally or in writing;

    d. if the communication was oral, all persons present during the communication;

    e. if the communication was written, the author, addressees, and any other recipients;

    f. the relationship of the persons making, receiving, or observing the communication;

    g. the date, time, and place of the communication;

    h. the general subject matter of the communication; and

    i. other information sufficient to enable a full assessment of the applicability of the privilege(s) claimed, as required by Rule 201(n) and applicable local rules.

3. These Requests are continuing in nature. If you receive or otherwise become aware of information that would change your answer to any of these Requests after you have served your response, you must promptly supplement your responses or file the appropriate motion.

**DEFINITIONS**

1. "You" or "Your" means the party at whom these Requests are directed, Randy Burkhardt, and all other persons acting or purporting to act on your behalf, whether individually or collectively, including any agent, representative, or attorney.

2. "Person" or "Persons" refer to any natural persons, firms, corporations, partnerships, unincorporated associations, general or limited partnerships, limited liability companies, or any other form of legal entity or government body, including its employees, agents, or representatives.

3. "Defendant" or "Defendants" means the parties named in this action as Defendants as well as any person who, either jointly, severally, or in the alternative, Plaintiff may have asserted liability stemming from this controversy or from the transaction or series of transactions out of which the controversy arose.

4. "Complaint" shall mean the operative complaint at law, equity, or both filed in the above-captioned case against Defendants.

## REQUESTS FOR ADMISSION OF FACT

1. Plaintiff Randy Burkhardt's damages in this action exceed the sum of $75,000.00, inclusive of all damages, costs, attorneys' fees, and the fair market value of any other relief.

**RESPONSE:**

_____ **Admit**     _____ **Deny**

2. Plaintiff Randy Burkhardt's damages in this action are equal to or do not exceed the sum of $75,000.00, inclusive of all damages, costs, attorneys' fees, and the fair market value of any other relief.

**RESPONSE:**

_____ **Admit**     _____ **Deny**

                    Respectfully submitted,

Dated: December 13, 2024         /s/ *Blake Kolesa*

                    Blake Kolesa
                    **RILEY SAFER HOLMES & CANCILA LLP**
                    1 South Dearborn Street, Suite 2200
                    Chicago, Illinois 60603
                    Tel: (312) 471-8700
                    Fax: (312) 471-8701
                    bkolesa@rshc-law.com
                    Firm ID: 60128

                    Jeffrey Williams, *pro hac vice forthcoming*
                    **RILEY SAFER HOLMES & CANCILA LLP**
                    456 Montgomery Street, 16th Floor
                    San Francisco, California 94101
                    Tel: (415) 275-8550
                    Fax: (415) 275-8551
                    jwilliams@rshc-law.com

                    *Counsel for Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 13, 2024, I caused a copy of the foregoing **Defendant Home Depot U.S.A., Inc.'s First Set of Requests for Admission of Fact to Plaintiff Randy Burkhardt** to be served upon counsel of record below via email.

                                       /s/ Blake Kolesa

Adriel E. Zupances
Law Offices of Daniel E. Goodman, LLC
10400 W. Higgins St., Suite 500
Rosemont, IL 60018
(847) 292-6000
azupances@danielgoodmanlaw.com
tchrisp@danielgoodmanlaw.com