IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RANDY BURKHARDT,

          *Plaintiff*,

v.

HOME DEPOT U.S.A., INC., *et al.*,

          *Defendants*.

Civil Action No. 1:25–cv–691

District Judge Steven C. Seeger

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.** **Nature of the Case**

    **A.** **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

For Plaintiff Randy Burkhardt:

Bret D. Franco, Lead Trial Counsel
The Law Offices of Daniel E. Goodman LLC

For Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc.:

Jeffrey Williams, Lead Trial Counsel
and Blake Kolesa
Riley Safer Holmes & Cancila LLP

    **B.** **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012).**

        **If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things.** *First*, **if a party is a corporation, counsel must identify its place of incorporation and its principal place of business.** *Second*, **if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.** *See Belleville Catering Co. v. Champaign*

***Market Place LLC***, **350 F.3d 691 (7th Cir. 2003);** ***Cosgrove v. Bartolotta***, **150 F.3d 729 (7th Cir. 1998);** ***Carden v. Arkoma Assoc.***, **494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.**

On August 20, 2024, Plaintiff filed a Complaint at Law in the Circuit Court of Cook County asserting claims arising entirely under Illinois state law. On January 21, 2025, after Plaintiff's admission in discovery responses that his damages exceed the sum of $75,000 exclusive of interest and costs, Defendants filed a notice of removal based in this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, which conferred subject-matter jurisdiction upon this court. *See* ECF 1.

This Court has subject matter jurisdiction over this action because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties:

Plaintiff Randy Burkhardt is a citizen of the State of Wisconsin, where he is domiciled.

Defendant Home Depot U.S.A., Inc. is a citizen of the states of Delaware and Georgia, as Delaware is its place of incorporation and Georgia is its principal place of business.

Defendant Techtronic Industries North America, Inc. is a citizen of the states of Delaware and South Carolina, as Delaware is its place of incorporation and South Carolina is its principal place of business.

Defendant-in-error Ryobi Tool Inc. does not exist. It is not a citizen of any state nor is it domiciled in any state, as it has never been a business entity incorporated under the laws of any state and has never had any operations or corporate existence of any form in any location. "Ryobi Electric Tool" may be considered a product line; "RYOBI" is a trademark under which products are manufactured by an affiliate of Techtronic Industries and sold at Home Depot stores. Counsel for Defendants have conferred with counsel for Plaintiff, who is considering Defendants' request to voluntarily dismiss Ryobi Tool Inc.

  C. **Provide a short overview of the case in plain English (five sentences or less).**

This is a personal injury action arising from Plaintiff Randy Burkhardt's alleged use of a model RTSO8T table saw. Plaintiff alleges the subject table saw was defective, causing him to sustain injuries to his face while using the table saw to cut laminate flooring.

  D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

The complaint asserts negligence, breach of implied warranty, and product liability causes of action against each Defendant.

Defendants assert affirmative defenses for failure to state a claim, comparative negligence, assumption of risk, causation by a third-party, intervening or superseding causes, lack of possession or control, lack of duty or privity, failure to mitigate damages, the statues of limitation, lack of standing, compliance with laws and regulations, state of the art product, lack of defect, plaintiff's act or omissions, spoliation of evidence, unforeseeable product use, unforeseeable product modification, entitlement to a set off, and entitlement to apportionment of fault and contribution.

  E. **What are the principal factual issues?**

The circumstances surrounding Plaintiff's alleged purchase of a Ryobi model RTSO8T table saw

The intended use and ordinary purpose of a Ryobi model RTSO8T table saw

The circumstances surrounding Plaintiff's alleged use and possible misuse of a Ryobi model RTSO8T table saw

Defendant(s)' knowledge, if any, of the particular purpose for which Plaintiff sought to purchase goods at the time of his alleged purchase of a Ryobi model RTSO8T table saw

Defendant(s)' design, manufacture, assembly, sale, supply, and provision of warnings for the Ryobi model RTSO8T table saw

The condition of the Ryobi model RSO8T table at the time it was allegedly sold to Plaintiff

Plaintiff's injuries

**F.     What are the principal legal issues?**

The duties owed by Defendant(s) to Plaintiff, if any

The ability, if any, of alternative conduct—which Plaintiff shall allege Defendant(s) should have taken to avoid his injury—to prevent Plaintiff's injury

Warnings and instructions provided and Plaintiff's compliance therewith

The foreseeability of the manner of Plaintiff's usage of the table saw

**G.     What relief is the plaintiff(s) seeking?  Quantify the damages, if any.  (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).**

Plaintiff claims $2,532.00 in past medical expenses.  Plaintiff will claim damages for pain and suffering, loss of normal life, emotional distress, and disfigurement.  Plaintiff estimates the total damages to be approximately $200,000.

**H.     Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.**

The existent Defendants have been served.

**II.    Discovery**

**A.     Propose a discovery schedule.  Include the following deadlines:  (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.  *Fill in the blanks, below.***

**Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.**

| Event | Deadline |
|---|---|
| Service of initial Rule 26 Disclosures | May 23, 2025 |
| Amendment to the pleadings | July 11, 2025 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | September 12, 2025 |
| Disclosure of Plaintiff's Expert Report(s) | October 10, 2025 |
| Deposition of Plaintiff's Expert(s) | December 12, 2025 |
| Disclosure of Defendant's Expert Report(s) | January 9, 2026 |
| Deposition of Defendant's Expert(s) | March 6, 2026 |
| Dispositive Motions | April 10, 2026 |

B. **How many depositions do the parties expect to take?**

*Plaintiff's position.* Plaintiff expects to take 3-5 depositions of to-be-identified Defendant corporate witnesses.

*Defendants' position.* Defendants will depose Plaintiff, any percipient witnesses either to the incident giving rise to this lawsuit or to his injuries and their effect on his day-to-day activities, his treating physicians, and his disclosed expert(s). Subject to further discovery and investigation, Defendants reserve the right to take additional depositions as needed.

C. **Do the parties foresee any special issues during discovery?**

Defendants request and expect Plaintiff and his experts to appear for in-person depositions in this district, where Plaintiff has chosen to file this action and where counsel for Defendants are

located. Defendants, who are not located in this district and who did not select this venue, expect Plaintiff to take depositions of Defendants remotely or at the location of the deponent.

      **D.**    **Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

            **If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.**

The parties have discussed all of the topics required by Rule 26(f)(2) and: (A) do not propose any changes should be made to disclosures under Rule 26(a); (B) propose discovery should be completed as stated in Part II.A. above; (C) do not foresee any issues regarding ESI; (D) do not foresee any issues regarding privileged materials or work-product; (E) do not propose any changes to the scope of discovery; and (F) do not propose any other orders.

**III.**    <u>**Trial**</u>

      **A.**    **Have any of the parties demanded a jury trial?**

Defendants have demanded a trial by jury.

      **B.**    **Estimate the length of trial.**

The parties estimate a jury trial would require 3 to 4 days.

**IV.**    <u>**Settlement, Referrals, and Consent**</u>

      **A.**    **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

Limited settlement discussions have occurred to date. Plaintiff has made a written settlement demand. Defendants have made a counter offer to which Plaintiff submitted a counter demand as of April 2, 2025.

    **B.**    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The parties do not request a settlement conference at this time.

    **C.**    **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have informed their respective clients about the availability of a Magistrate Judge to preside over all aspects of this case. The parties do not unanimously consent to the jurisdiction of a Magistrate Judge.

**V.**    <u>Other</u>

    **A.**    **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Nothing further from the Plaintiff.

    **B.**    **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

There is nothing further Defendants want the Court to know at this time.

Respectfully submitted,

Dated: April 4, 2025 /s/ *Bret. D. Franco*

Bret D. Franco (Bar No. 6294245)
**LAW OFFICES OF DANIEL E. GOODMAN**
10400 W. Higgins Road, Suite 500
Rosemont, Illinois 60018
(224) 651-8399
bret@danielgoodmanlaw.com

*Counsel for Plaintiff Randy Burkhardt*


/s/ *Blake Kolesa*

Jeffrey Williams (Bar No. 84156)
**RILEY SAFER HOLMES & CANCILA LLP**
456 Montgomery Street, 16th Floor
San Francisco, California 94101
Tel: (415) 275-8550
Fax: (415) 275-8551
jwilliams@rshc-law.com

Blake Kolesa (Bar No. 6339230)
**RILEY SAFER HOLMES & CANCILA LLP**
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Tel: (312) 471-8700
Fax: (312) 471-8700
bkolesa@rshc-law.com

*Counsel for Defendants Home Depot U.S.A., Inc. and Techtronic Industries North America, Inc.*